IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LINDA D. CRITES HERMAN,

      Plaintiff,

                                      Civil Action 2:10-cv-00570
vs.                                Judge John D. Holschuh
                                  Magistrate Judge E. A. Preston Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.


## REPORT AND RECOMMENDATION

Plaintiff, Linda D. Crites Herman, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner"), in which the Commissioner found that she was not disabled prior to October 25, 2005, and, therefore, not entitled to Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. § 1382c. This matter is before the United States Magistrate Judge for a report and recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion based upon Plaintiff's failure to timely-file her Complaint.

**I.**

On October 25, 2002, Plaintiff filed an application for SSI. (R. at 109–12.) The state agency denied Plaintiff's application initially and again upon reconsideration. (R. at 55.)

Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). (R. at 60.) After an administrative hearing, the ALJ denied Plaintiff's claim. (R. at 76–89.) The Appeals Council granted Plaintiff's request for review and remanded the case to an ALJ for further proceedings. (R. at 91–93.) On August 22, 2006, the ALJ found that Plaintiff was disabled as of October 25, 2005, but not disabled prior to that date. (R. at 28–46.) On September 12, 2008, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 22–24.)

In response to Plaintiff's request for additional time to file a civil action seeking judicial review of the ALJ's decision, the Appeals Council sent a letter to Plaintiff granting her request. (R. at 7.) The letter, dated May 14, 2010, stated in pertinent part as follows:

### We Are Giving You More Time to File a Civil Action

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id*. The Court stamped Plaintiff's Complaint "RECEIVED" on June 21, 2010, and filed the Complaint the same day. (Compl. 1, ECF No. 1-2.)

On August 20, 2010, Defendant filed the instant Motion to Dismiss (ECF No. 9). Citing 20 C.F.R. §§ 416.1401, 422.210(c), and the May 14, 2010 letter, Defendant asserts Plaintiff had thirty days from May 19, 2010, within which to file her Complaint. Thus, Defendant maintains that Plaintiff's Complaint, which was not filed until June 21, 2010, was untimely by three days. Additionally, Defendant asserts that Plaintiff has not alleged a permissible basis to permit the Court to extend the limitations period. Consequently, Defendant asks this Court to dismiss Plaintiff's Complaint as untimely.

On September 13, 2010, Plaintiff filed her Memorandum in Opposition to Plaintiff's Motion to Dismiss (ECF No. 11).  Plaintiff does not contest that June 18, 2010 is the operative date.  Instead, she contends that her action is timely because she mailed her Complaint on June 18, 2010.  In support, she attaches the postal sales receipt, the certified mail receipt, and the domestic return receipt.  The date listed on the sales and certified mail receipts is June 18, 2010.  The date stamped on the domestic return receipt is June 21, 2010.

**II.**

The undersigned agrees with Defendant that Plaintiff's Complaint was due on or before June 18, 2010.  Pursuant to Section 405(g) of the Social Security Act, a claimant  "may obtain a review of [a final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner may allow."  42 U.S.C. § 405(g).  Consistently, the implementing regulations provide that any such civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause."  20 C.F.R. § 422.210(c).  The regulations further provide that "the date of receipt of [the Appeals Council's] notice of denial of request for review shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  *Id*. Here, it is undisputed that the Appeals Council extended the time Plaintiff had to commence a civil action until 30 days from the date Plaintiff received the May 14, 2010 letter.  Plaintiff has not alleged that she actually received the May 14, 2010 letter *after* Section 422.210(c)'s five-day grace period.  Thus, the undersigned concludes that the date of receipt "shall be presumed to be 5

days after the date" of the letter, which is May 19, 2010. *See* 20 C.F.R. § 422.210(c). Thirty

days from this date is June 18, 2010. Thus, pursuant to Section 405(g), Plaintiff was required to

file her Complaint on or before June 18, 2010.

Plaintiff's June 18, 2010 mailing of the Complaint does not constitute the commencement

of an action. Instead, "[a] civil action is commenced by filing a complaint with the court." Fed.

R. Civ. P. 3. "[A] complaint is deemed to be filed when it is tendered to the clerk of the

appropriate court." *New Boston Dev. Co. v. Toler*, 999 F.2d 142, 142 (6th Cir. 1993); Fed. R.

Civ. P. 5(d)(2) ("A paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees

to accept it for filing, and who must then note the filing date on the paper and promptly send it to

the clerk."). The "prisoner mailbox rule" does not apply to Plaintiff because she is not a

prisoner.[1] *See Cowden v. U.S. Dep't of Labor*, No. Civ.A.04CV53JMH, 2005 WL 1691036, at

*8 n.10 (E.D. Ky July 18, 2005) ("The *Houston v. Lack* 'mailbox rule' does not apply to the

instant plaintiff, because he is a non-prisoner."); *Banks v. Astrue*, No. 1:09CV-00022-J, 2009

WL 2046861, at *4 (W.D. Ky. July 13, 2009) (finding a social security plaintiff's complaint to

be filed on the date the Clerk received the complaint rather than on the date it was mailed

because there is "no authority for the proposition that a free citizen is legally entitled to

operation of the mailbox rule (*i.e.*, her complaint should be treated as filed when mailed)").

---

[1]In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a *pro se* petitioner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to the court. *Id*. at 270. "The Supreme Court's decision in *Houston* proceeded from the fundamental observation that whereas the general rule has been justified on the ground that a civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing, a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk." *Higgenbottom v. McManus*, 840 F.Supp. 454, 455–56 (W.D. Ky. 1994). The justifications for applying the mailbox rule in *Houston* are lacking in the instant case.

Thus, Plaintiff's Complaint is untimely because the Clerk did not receive it until after the deadline. *See Cowden*, 2005 WL 1691036 at *8 ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline.").

Finally, Plaintiff has not demonstrated that she is entitled to equitable tolling of the deadline for filing her Complaint. "Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). The *Cook* Court instructed that a court contemplating equitable tolling should consider the following factors:

> (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). Here, Plaintiff does not argue that she lacked notice of the filing requirements. Indeed, she cannot make such an argument because she sought and was granted an extension. Additionally, the Appeals Council's May 14, 2010 notice specifically informed Plaintiff of the filing requirements. Further, Plaintiff does not allege that she sought an additional extension or that she could not have filed within the extended filing period. Finally, as in *Cook*, "[a]lthough allowing [Plaintiff] to file [her] complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." 480 F.3d at 437. Thus, Plaintiff has failed to persuade the undersigned that the Court

should equitably toll the statute of limitations in her case.

### III.

Accordingly, based upon Plaintiff's failure to timely-file her Complaint, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

– 6 –

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 13, 2010                               /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge